**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WILLIAM SWISHER, ALBERT**
**PIERLUISSI, JASON MARTINEZ, ROSELI**
**ORTIZ, MICHAEL CICHON and WILLIAM**
**ICENOGLE, SR.,**

**Plaintiffs,**

-vs-                                                           Case No.  6:07-cv-1542-Orl-28-GJK

**THE FINISHING LINE, INC.,**

**Defendant.**

_____

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 20)** |
| **FILED:** | **April 7, 2008** |

_____

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**

**I.      BACKGROUND**

On September 27, 2007 and pursuant to 29 U.S.C. § 216(b), Plaintiffs William Swisher

("Swisher"), Albert Pierluissi ("Pierluissi"), Jason Martinez ("Martinez"), Roseli Ortiz ("Ortiz"),

Michael Cichon ("Cichon"), and William Icenogle, Sr. ("Icenogle") (collectively "Plaintiffs") filed

their Fair Labor and Standards Act (the "Act"),  Complaint against The Finishing Line, Inc. (the

"Defendant"). Doc. No. 1.[1]  Specifically, Plaintiffs allege that Defendant failed to pay overtime compensation for hours worked in excess of forty (40) hours per week and withheld wages.  Doc. No. 1.  After being properly served on October 2, 2007 (Doc. No. 6), the Defendant did not respond to the Complaint.   On January 28, 2008 and pursuant to Rule 55(a), Federal Rules of Civil Procedure (2007), the Clerk entered a default against the Defendant for failure to plead or otherwise defend as provided in the rules governing civil actions in federal court. Doc. No. 13.   On April 7, 2008, Plaintiffs filed their Motion for Entry of Default Final Judgment (the "Motion") (Doc. No. 20). The Defendant failed to file any opposition to the Motion.

## II.      THE LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period.  *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.").  Defendant also admits that it was an employer and was required to comply with the FLSA.  *See Id*.  Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful.  *See Id*.  Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*.  A plaintiff may establish the necessary amount of damages by affidavit.  *See* Rule 55(b), F.R.C.P. (2007).  Additionally, an employer who willfully violates the provisions of the FLSA is

---

[1] The Complaint also originally named Donald W. Krietemeyer as party defendant, but on February 11, 2008 he was dismissed as a party defendant.  Doc. No. 15.

liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs.  29 U.S.C. § 216(b) (2007).

## III.    APPLICATION

### A.    Swisher

In his affidavit, Swisher states that he was employed by Defendant from July 1, 2006 through July 1, 2007 as a "glue operator."  Doc. No. 20-2 at ¶ 4.  Pursuant to 29 U.S.C. § 207(a)(1),[2] Swisher was entitled to be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours during a work week.  Swisher states in his affidavit that he was paid an hourly wage of $17.50 per hour.  Doc. No. 20-2 at ¶ 4.  During his year of employment, Swisher states that during a three week period from June 11, 2007 through July 1, 2007, he worked six and one-half (6.5) hours of uncompensated overtime per week for a total of approximately nineteen and one-half (19.5) hours of overtime without compensation.  Doc. No. 20-2 at ¶ 6.  Plaintiff's calculations for unpaid overtime are as follows: (1) 6.5 hours of overtime per week multiplied by 3 weeks equals 19.5 total hours of overtime; (2) 19.5 hours of overtime multiplied by $26.25 ($17.5 + 8.75) per hour equals $511.87 in overtime owed.  Doc. No. 20-2 at ¶ 6.  Pursuant to 29 U.S.C. § 216(b), Defendant is also liable for liquidated damages which equals the same amount as the unpaid overtime compensation.  *Schmidlin*,  2008 WL 976158 at *2.  Thus, Swisher also calculates an additional $511.87 for liquidated damages for a subtotal of $1,023.74.  Doc. No. 20-2 at ¶ 6.

---

[2] "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce for a workweek longer than forty hours unless such employee receives compensations for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  29 U.S.C. ¶ 207(a)(1).

Swisher's affidavit avers that the Defendant also arbitrarily withheld wages for one-hundred and twenty (120) hours of work.  Doc. No. 20-2 at ¶ 6.  Swisher calculates that he is entitled to $1,600.80 in unpaid minimum wages, or $6.67per hour (the state minimum wage) multiplied by 120 hours and then doubled for liquidated damages.  *Id*. at ¶ 6.  Swisher calculates that he is also entitled to an additional $1,299.60 in unpaid wages representing his hourly wage $17.50 less the minimum wage of $6.67 and multiplied by 120 hours.  *Id*.  Thus, Swisher avers that his total damages equal $3,924.14.

**B.      Pierluissi**

In his affidavit, Pierluissi states that he was employed by Defendant as a "cutter operator" from July 15, 2006 through July 30, 2007.  Doc. No. 20-2 at ¶ 4.  Pierluissi states that he was paid an hourly wage of $18.00 per hour.  *Id*. at ¶ 4.  Pierluissi maintains that during July 2007 he worked for one-hundred and sixty hours without compensation.  *Id*. at ¶ 6.   Pierluissi calculates that he is entitled to $2,134.40 in unpaid minimum wages, or $6.67per hour (the state minimum wage) multiplied by 160 hours and then doubled for liquidated damages.  *Id*. at ¶ 6.  Pierluissi calculates that he is also entitled to an additional $1,812.80 in unpaid wages representing his hourly wage $17.50 less the minimum wage of $6.67 and multiplied by 160 hours. *Id*.  Therefore, Pierluissi avers that his total damages equal $3,947.20.

**C.      Martinez**

In his affidavit, Martinez states that he was employed by Defendant as a "die cutter" from October 27, 2006 through May 1, 2007.  Doc. No. 20-2 at ¶ 4.  Martinez states that he was paid an hourly wage of $10.00 per hour.  *Id*. at ¶ 4.  During the period from April 16, 2007 through May 1, 2007, Martinez's affidavit states that he worked five (5) hours of uncompensated overtime per week

for a total of ten (10) hours of overtime without compensation.  Doc. No. 20-2 at 7 ¶ 6.  Martinez's calculations for unpaid overtime are as follows: (1) 5 hours of overtime per week multiplied by 2 weeks equals 10 total hours of overtime; and (2) 10 hours of overtime multiplied by $15.00 ($10 + 5) per hour equals $150.00 in overtime owed.  Doc. No. 20-2 at 7 ¶ 6.  Pursuant to 29 U.S.C. § 216(b), Defendant is also liable for liquidated damages which equals the same amount as the unpaid overtime compensation.  *Schmidlin*, 2008 WL 976158 at *2.  Thus, Martinez also calculates an additional $150.00 for liquidated damages for a total of $300.00. Doc. No. 20-2 at 7 ¶ 6.

Martinez's affidavit avers that the Defendant also arbitrarily withheld wages for eighty (80) work hours.  Doc. No. 20-2 at 7 ¶ 6.  Martinez calculates that he is entitled to $1,067.20 in unpaid minimum wages, or $6.67per hour (the state minimum wage) multiplied by 80 hours and then doubled for liquidated damages.  *Id.* at ¶ 6.  Martinez calculates that he is also entitled to an additional $266.40 in unpaid wages representing his hourly wage $10.00 less the minimum wage of $6.67 and multiplied by 80 hours. *Id.*  Thus, Martinez avers that his total damages equal $1,633.40.

**D.     Ortiz**

In his affidavit, Ortiz states that he was employed by Defendant as an "assembler of goods" from November 1, 2006 through June of 2006.  Doc. No. 20-2 at 8 ¶ 4.  Ortiz states that he was paid an hourly wage of $10.00 per hour.  *Id.* at ¶ 4.  During the last week of his employment, Ortiz states that he worked approximately fifty (50) hours without compensation reflecting ten (10) hours of unpaid overtime and forty (40) hours of unpaid wages.  Doc. No. 20-2 at 8-9 ¶ 6.  Ortiz's calculations for unpaid overtime are as follows: 10 hours of overtime multiplied by $15.00 ($10.00 + 5.00) per hour equals $150.00 in overtime owed.  *Id.*  Pursuant to 29 U.S.C. § 216(b), Defendant is also liable for liquidated damages which equals the same amount as the unpaid overtime

5

compensation.  *Schmidlin*,  2008 WL 976158 at *2.  Thus, Ortiz also calculates an additional $150.00 for liquidated damages for a total of $300.00.  Doc. No. 20-2 at 9 ¶ 6.

Ortiz's affidavit avers that the Defendant also arbitrarily withheld wages by forty (40) work hours.  Doc. No. 20-2 at 8 ¶¶ 5-6.  Ortiz calculates that she is entitled to $533.60 in unpaid minimum wages, or $6.67 per hour (the state minimum wage) multiplied by 40 hours and then doubled for liquidated damages.  *Id*. at ¶ 6.  Ortiz calculates that she is also entitled to an additional $133.20 in unpaid wages representing her hourly wage, $10.00, less the minimum wage of $6.67 and multiplied by 40 hours. *Id*.  Therefore, Ortiz avers that her total damages equal $966.80.  *Id*.

**E.    Cichon**

In his affidavit, Cichon states that he was employed by Defendant as a "die cutter" from October 23, 2006 to July 13, 2007.  Doc. No. 20-2 at 4 ¶ 4.  Cichon states that he was paid an hourly wage of $18.00 per hour.  *Id*. at ¶ 4.  During his employment, Cichon states that during the three week period from June 21, 2007 through July 13, 2007, he worked six and a half (6.5) hours of uncompensated overtime per week for a total of nineteen and a half (19.5) hours of overtime without compensation.  Doc. No. 20-2 at 5 ¶ 6.  Cichon's calculations for unpaid overtime are as follows: 19.5 hours of overtime multiplied by $27.00 ($18.00 + 9.00) per hour equals $526.50 in overtime owed.  *Id*.  Pursuant to 29 U.S.C. § 216(b), Defendant is also liable for liquidated damages which equals the same amount as the unpaid overtime compensation.  *Schmidlin*,  2008 WL 976158 at *2. Thus, Cichon also calculates an additional $526.50 in liquidated damages for a total of $1,053.00. Doc. No. 20-2 at 5 ¶ 6.

Cichon's affidavit avers that the Defendant also arbitrarily withheld wages by one-hundred and twenty (120) work hours.  Doc. No. 20-2 at 4-5 ¶¶ 5-6.  Cichon calculates that he is entitled to

$1,600.80 in unpaid minimum wages, or $6.67per hour (the state minimum wage) multiplied by 120 hours and then doubled for liquidated damages.  *Id*. at ¶ 6.  Cichon calculates that he is also entitled to an additional $1,359.60 in unpaid wages representing his hourly wage, $18.00, less the minimum wage of $6.67 and multiplied by 120 hours.  *Id*.  Thus, Cichon avers that his total damages equal $4,013.40.  *Id*.

### F.      Icenogle

In his affidavit, Icenogle states that he was employed by Defendant in the shipping and receiving department from February 15, 2007 to April 20, 2007.  Doc. No. 20-2 at 10 ¶ 4.  Icenogle states that he was paid an hourly wage of $12.00 per hour.  *Id*. at ¶ 4.  According to Icenogle, the Defendant failed to pay him for the hours worked during the last three weeks of his employment totaling one-hundred and twenty (120) hours of unpaid wages.  *Id*. at ¶¶ 5-6.  Icenogle calculates that he is entitled to $1,600.80 in unpaid minimum wages, or $6.67per hour (the state minimum wage) multiplied by 120 hours and then doubled for liquidated damages.  *Id*. at ¶ 6.  Icenogle calculates that he is also entitled to an additional $639.60 in unpaid wages representing his hourly wage, $12.00, less the minimum wage of $6.67 and multiplied by 120 hours. *Id*.  Therefore, Icenogle avers that his total damages equal $2,240.40.  *Id*.

### G.      Attorneys' Fees

The Act mandates that in any action brought by an employee to enforce Sections 206 or 207 of the Act, the Court shall "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b). In support of Plaintiffs' Motion, counsel for Plaintiffs filed an affidavit attesting that the total fees

equal $2,334.00^3$ and the total costs equal $472.40.  Doc. No. 20-3 ¶ ¶ 9-10.  Plaintiffs' counsel attached the billing records (Doc. No. 20-3 at 5) and the cost ledger (Doc. No. 20-3 at 6) to his affidavit.

### 1.     Reasonable Hourly Rate

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained."  *Id*. at 434.  In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation.  *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Authority of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988).  Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

---

[3] Plaintiffs' counsel states that Charles Scalise, Esq. spent 4.3 hours of time on the case at a rate of $300.00 per hour; Richard Cellar, Esq. spent 3.1 hours of time on the case at a rate of $300.00 per hour; and Claudia Silver, counsel's paralegal, spent 1.2 hours of time on the case at a rate of $95.00 per hour.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Norman*, 836 F. 2d at 1299 (emphasis added).   However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award.   *See Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Both Charles Scalise and Richard Celler seek a rate of $300.00 per hour for their services. The sole support provided for that rate is found in the affidavit of Richard Celler.  Doc No. 20-3. The affidavit cites to three cases where Charles Scalise was awarded a $300.00 hourly rate. However, the affidavit fails to include the attorneys' years of practice, number of FLSA cases handled, or any other information that might assist the Court in determining whether the hourly rate requested by counsel is reasonable.

In regard to Charles Scalise, Esq., the affidavit and Time Sheet report that he spent 4.3 hours on the case.   In *Farr v. Manageinn, Inc.*, Case No. 6:07-cv-829-Orl-28KRS, 2008 WL 227961 at *5 (M.D. Fla. Jan. 25, 2008), Mr. Scalise also sought an hourly rate of $300.00 and the court held:

> In support of this rate, Scalise cites three cases in which he asserts that the Court has previously approved the rate sought in the present action.  The first case, *Mary Coon v. The Palm Motel, Inc.*, Case No. 6:06-cv-47-Orl-28DAB, involved a settlement in which the defendants did not object to the amount of attorney's fees sought by Attorney Scalise. The Court found only that the attorneys' fees sought were not unreasonable.  In *Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, the Court specifically noted that although the $300.00 hourly rate was "far greater than those usually awarded in this District for like work, a review of the file confirms

> that this case was particularly complex, involving motions to dismiss, discovery practice, and protracted settlement and mediation efforts." Lastly, in *Armitage v. Dolphin Plumbing, Inc.*, Case No., 6:05-cv-890-Orl-19KRS, the Court awarded Scalise and hourly rate of $300.00 in attorney's fees after the plaintiff prevailed at trial. Because I find that the present action, unlike Smith and Armitage, was not particularly complex, Smith and Armitage are not persuasive here.

*Id*. (internal citations omitted).   In the present case, counsel relies on those same three cases in support of Mr. Scalise's claimed hourly rate.   Doc. No. 20-3 at ¶ 7.   The Court also finds those cases unpersuasive.

In other FLSA cases, courts have determined that a reasonable hourly rate for Mr. Scalise, considering the Orlando market, is $250.00 per hour.  See, e.g., *Id*. at Doc. No. 21; *Reyes v. Falling Star Ent., Inc.*, Case No. 6:04-cv-1648-Orl-KRS, 2006 WL 2927553 at *3 (M.D. Fla. Oct. 12, 2006).  Thus, considering the Orlando market, the complexity of the work, and Mr. Scalise's fee awards in similar case, the Court finds that an hourly rate of $250.00 for Mr. Scalise is appropriate.

In regard to Richard Celler, Esq., his affidavit states that he spent 3.1 hours on the case. Doc. No. 20-3 at ¶ 9.  Again, Mr. Celler does not provide any biographical information, such as the number of years he has been in practice, that would allow the Court to assess whether the hourly rate requested is reasonable.   Rather, Counsel simply avers the fees and costs requested are reasonable and states he "customarily" bills his clients at a rate of $300.00 or more per hour.  Doc. No. 20-3 at ¶ 7.  Counsel states that he is familiar with the rates charged by attorneys with similar experience in this area and that "[a] reasonable hourly fee for a lawyer with similar experience and expertise is $300.00 per hour."  *Id*.  However, in other FLSA cases, courts have determined that a reasonable rate for Mr. Celler's services, considering the Orlando legal market, is $250.00 per hour.

10

*See Allen v. Shayona Enterprises of America*, Case No. 6:06-cv-1441-Orl-31KRS, 2007 WL 1626199 at *5 (M.D. Fla. June 5, 2007); *Salerno v. Bouchelle Island Dev. Corp.*, Case No. 6:05-cv-1841-Orl-31DAB, 2007 WL 113983 at *2 (M.D. Fla. Jan. 10, 2007).  Thus, as with Mr. Scalise, the Court finds that a reasonable hourly rate for Mr. Celler, given the Orlando market and previous findings of the Court in similar cases, is $250.00 per hour.

In regard to paralegal Claudia Silva, the affidavit states that she spent 1.2 hours of work on this case at a rate of $95.00 per hour.  Counsel provides no information to support the hourly rate sought for Ms. Silva. Doc. No. 20-3 at ¶ 9.  However, in a similar FLSA case, the Court determined that a reasonable hourly rate for Ms. Silva, given the type of work required in FLSA cases, was $50.00 per hour.  *See Farr v. Manageinn, Inc.*, Case No. 6:07-cv-829-Orl-28KRS, 2008 WL 227961 at *5 (M.D. Fla. Jan. 25, 2008).  Thus, the Court finds that a reasonable hourly rate for Ms. Silva, considering the Orlando market, is $50.00 per hour.

### 2.    Reasonable Number of Hours

Counsel submitted a detailed Time Sheet showing the work performed by Mr. Scalise, Mr. Celler, and Ms. Silva in this case.  Doc. No. 20-3 at 5.  On January 17, 2008, Mr. Scalise recorded 0.2 hours for "Receipt and Review of Order to Show Cause," and on January 29, he recorded 0.5 hour for preparing a response.  Id.  The show cause order was entered because Plaintiffs did not move for default within sixty days as provided in Local Rule 1.07(b).  Doc. No. 8.  The time spent reviewing the order to show cause and preparing a response to the same was required due to Plaintiffs' failure to act.  Thus, the Defendant should not be charged with attorney fees for that work. *See Allen v. Shayona Enterprises of America*, Case No. 6:06-cv-1441-Orl-31KRS, 2007 WL

1626199 at *5 (M.D. Fla. June 5, 2007).  Therefore, the Court finds that Mr. Scalise's time should be reduced by 0.7 hours.

Accordingly, the total number of reasonable hours of work spent by counsel in this case is 6.7 hours.  At a reasonable hourly rate of $250.00 per hour, the total attorneys' fee award is $1,675.00.  Ms. Silva's total number of reasonable hours of work in this case is 1.2 hours.  At a reasonable rate of $50.00 per hour, the total fee award is $60.00.  The grand total attorneys' fee award is $1,735.00.

**H.     Costs**

Plaintiffs seek costs in the amount of $472.40 for the filing fee ($350.00), for the costs of serving process in this case ($60.00), for travel expense related to serving process ($5.82), for photo copies ($14.25) and for courier services ($3.81).  Doc. No 20-3.  Plaintiffs add the travel expense and the courier service expense five times (once for each Plaintiff).  *Id.*  The evidence submitted, however, is inconsistent regarding the costs for courier services and travel expenses related to serving process.   A review of the record reveals that only two checks (Chk #215124 for $3.81 and Chk #207317 for $5.82) were written for these expenses.  There is no evidence that the travel expenses and courier expenses were paid five different times.  Accordingly, the Court finds that Plaintiffs be award $433.88 in costs.

**THEREON** it is **RECOMMENDED** that:

1.  Plaintiffs' Motion for Entry of Default Final Judgment (Doc. No. 20) be granted;

2.  Plaintiffs be awarded the following:

a. Plaintiff Swisher: $1,023.74 in unpaid overtime compensation including liquidated damages; $1,600.80 in unpaid minimum wages; and $1,299.60 in additional unpaid wages for a total damage award of $3,924.14;

b. Plaintiff Pierluissi:  $2,134.40 in unpaid minimum wages including liquidated damages; and $1,812.80 in additional wages for a total damage award of $3,947.20;

c. Plaintiff Martinez: $300.00 in unpaid overtime compensation including liquidated damages; $1,067.20 in unpaid minimum wages including liquidated damages; and $266.40 in unpaid additional wages for a total damage award of $1,633.60;

d. Plaintiff Ortiz: $300.00 in unpaid overtime compensation including liquidated damages; and $533.60 in unpaid minimum wages including liquidated damages; and $133.20 in unpaid additional wages for a total damage award of $966.80;

e. Plaintiff Cichon: $1,053.00 in unpaid overtime compensation including liquidated damages; $1,600.80 in unpaid minimum wages including liquidated damages; and $1,359.60 in additional unpaid wages for a total damage award of $4,013.40;

f. Plaintiff Icenogle: $1,600.80 in unpaid overtime compensation including liquidated damages; and $639.60 in additional unpaid wages for a total damage award of $2,240.40;

g. Reasonable attorneys' fees in the amount of $1,675.00 (6.7 x $250 per hour) plus $60 (1.2 x $50 per hour); and

h. Costs in the amount of $433.88 (reducing the total cost by $38.52).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

13

**RECOMMENDED** at Orlando, Florida on August 26, 2008.


Copies to:

The Honorable John Antoon
Counsel of Record

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

14